## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

MARLON KHAN FOX,                    )
                                    )
     Plaintiff,               )
                                    )
v.                                  )     NO. 3:08-cv-00856
                                    )     JUDGE HAYNES
CORRECTIONS CORPORATION OF          )
AMERICA and KAYLA WILSON,           )
                                    )
     Defendants.              )

## M E M O R A N D U M

Plaintiff, Marlon Kahn Fox, a state prisoner, filed this pro se action under 42 U.S.C. §

1983 against the Defendants Correction Corporation of America ("CCA") and Kayla Wilson a

CCA officer. Plaintiff's claims arise from his custody at the Metro-Davidson County Detention

Facility that CCA operates under contract with the Metropolitan Government of Nashville and

Davidson County. Plaintiff's claims are for alleged interference with his legal mail from the

Court in violation of his rights under the First and Eighth Amendments.

Before the Court are Defendants Corrections Corporation of America ("CCA") and

Wilson's motion for summary judgment (Docket Entry No. 15) and Plaintiff's motion for

summary judgment (Docket Entry No. 19). As to Defendants' motion for summary judgment,

CCA argues that under the *respondeat superior* doctrine, CCA cannot be liable for any of the

alleged constitutional deprivations by Wilson. The Defendant Wilson cites Plaintiff's failure to

exhaust his administrative remedies prior to filing this action, as barring this action. Plaintiff

asserts that CCA had a widespread policy or custom of destroying and withholding legal mail

-1-

and that this policy or custom was the moving force behind the constitutional deprivation that Plaintiff allegedly suffered.

In his motion, Plaintiff reiterates the contention in his response to the Defendants' motion Plaintiff alleges that the Defendants failed to adhere to the Detention Facility Inmate/Resident Grievance Procedures. (Docket Entry No. 19, Plaintiff's Motion for Summary Judgment at pp.4, 6). In their response, Defendants rely on their motion and assert that Plaintiff's motion adds claims for Wilson's alleged withholding of documents that Plaintiff printed from a website and mail from Plaintiff's family are not in Plaintiff's complaint or affidavit. Defendants contend that these allegations are not properly before this Court and cannot be considered by the Court.

## A. Review of the Record

On June 23 and July 15, 2008, Wilson received legal mail from the Clerk's Office of the District Court for the Middle District of Tennessee. (Docket Entry No. 1, Complaint at p. 6). According to Plaintiff, on June 23, 2008, Wilson tore one page of his legal mail and informed Plaintiff that he could not have the torn portion of that particular page that contained only his name and address. (Docket Entry No. 21-2). According to Wilson, on June 23, 2008, she tore the blank portion of one page of his legal mail that contained only his name and address and informed him that he could not have the torn portion of that blank page. Id. Wilson explained to Plaintiff that he could not have the bottom portion of the page in issue because it was blank. Id. Wilson threw the blank portion of the page in the trash. Id.

On July 15, 2008, Wilson again delivered Plaintiff's legal mail and again tore off the blank portion of the page with Plaintiff's name and address. Plaintiff insisted on having the blank portion as well, but when Wilson refused, Plaintiff stated that if he could not have the

-2-

entire sheet, then he did not want any of the mail. Plaintiff cites this incident as the withholding of his legal mail. When Plaintiff refused and cursed her, Wilson returned themailing to the Clerk's Office as refused.

Plaintiff asserts that on September 10, 2008, the Clerk's Office sent legal mail to him at the Detention Facility. Plaintiff's legal mail arrived at the Detention Facility on September 12, 2008, but Plaintiff did not receive his legal mail until September 17, 2008.

CCA has an Inmate/Resident Grievance Procedures at the detention facility. Plaintiff "wrote a "Resolution' and then a 'Grievance,'" about Wilson's cited withholding of his legal mail. As to Plaintiff's June 23, 2008 Informal Resolution, Detention Facility personnel ultimately responded to Plaintiff's June 23, 2008 Informal Resolution and permitted Plaintiff to file an Inmate/Resident Grievance. A response and ruling to Plaintiff's Inmate/Resident Grievance were provided as well as an opportunity to appeal that ruling to the Warden, but Plaintiff did not appeal. (Docket Entry No. 18, Mathews Affidavit, at ¶¶ 3-4).

On July 24, 2008, Plaintiff filed an Inmate/Resident Grievance on this claim. Assistant Warden Michael Corlew denied Plaintiff's Inmate/Resident Grievance on July 30, 2008, but Plaintiff failed to appeal the decision to the Warden, as required by the Inmate/Resident Grievance Procedures. Id.

### B. Conclusions of Law

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under [Section] 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." A prisoner must exhaust administrative remedies with respect to each claim, as

"unexhausted claims cannot be brought in court". <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007) (citation omitted).   A prisoner must pursue all levels of the administrative grievance process, including the filing of appeals. <u>Hartsfield v. Vidor</u>, 199 F.3d 305, 309 (6th Cir. 1999).

Defendants contend that Plaintiff failed to exhaust his administrative remedies and in response, Plaintiff alleges that the Defendants failed to adhere to the Detention Facility Inmate/Resident Grievance Procedures.  (Docket Entry No. 19, Plaintiff's motion for summary judgment at 4, 6).  Specifically, Plaintiff contends that the Detention Facility Grievance Coordinator failed to check timely the Grievance Mailbox for Plaintiff's June 23, 2008 Informal Resolution and that Detention Facility personnel failed to timely respond to Plaintiff's June 23, 2008 Informal Resolution

A reasonable delay in responding to a grievance does not render administrative remedies "unavailable." <u>Smith v. Davis</u>, No. 06-3052, 2007 WL 648180, at *2 (7th Cir. Feb. 26, 2007), but indefinite delay in responding to grievances may qualify as futile. <u>Lewis v. Washington</u>, 300 F.3d 829, 833 (7th Cir. 2002).  Absent prejudice, a reasonable delay does not excuse a prisoner's failure to exhaust administrative remedies. <u>Smith</u>, 2007 WL 648180, at *2; <u>Lewis</u>, 300 F.3d at 833. .  Plaintiff cites <u>Redman v. County of San Diego</u>, 942 F.2d 1435 (9th Cir. 1991), but <u>Redman</u> does not address the PLRA's exhaustion requirement.

The Court concludes that any delay here was reasonable and Plaintiff has not shown prejudice by the delay.  Therefore, Plaintiff was required to exhaust his administrative remedies, but did not do so. Thus, Plaintiff's motion for summary judgment must be denied and this action must be dismissed without prejudice to Plaintiff's underlying claims.

Accordingly, the Defendant's motion for summary judgment (Docket Entry No. 15) on

-4-

exhaustion should be granted in part and denied in part and the Plaintiff's motion for summary judgment (Docket Entry No. 19) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the ___15___ July, 2009.

William J. Haynes, Jr.
United States District Judge

-5-